IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-0362-01-DGK |
| | ) | |
| DRNB, INC., | ) | |
| d/b/a Fastrack Erectors, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION IN LIMINE

This criminal case arises from the death of Eric Roach, an ironworker who was working on a steel beam approximately 30 feet above the ground when he fell to his death. The Government alleges that at the time of his death Eric Roach was not using any form of fall protection. It contends his employer, Defendant DRNB, Inc., d/b/a Fastrack Erectors ("Fastrack"), willfully violated 29 U.S.C. § 666 (violating an OSHA regulation which causes a death) by willfully violating two OSHA regulations, 29 C.F.R. §§ 1926.760(a)(1) (employees working more than 15 feet above a lower level shall be required to use fall protection) and (b)(1) (connectors[1] working more than 30 feet above a lower level shall be required to use fall protection). The Government alleges Fastrack's violations caused his death.

Now before the Court is the Government's Motion in Limine (Doc. 47). The Government moves to exclude Fastrack's retained expert, George Pritchard, from testifying on the grounds that he will attempt to advise the Court on the ultimate legal issue in this case, namely, whether the facts establish a willful OSHA violation and a willful violation of 29 U.S.C. § 666. The Government contends some of his opinions should be excluded under Federal Rule

---

[1] A "connector" is an employee who is "placing and connecting structural members and components." 29 CFR § 1926.751.

of Evidence 702(a) because they will not assist the trier of fact in understanding factual issues in the case, and others should be excluded under Federal Rule of Evidence 704(a) because they are legal opinions on the elements of the ultimate legal issue in the case.

Fastrack responds that Mr. Pritchard' testimony about technical construction-related issues is will help the Court understand the evidence, and that his testimony as to Fastrack's "willfulness" is not inadmissible under 704(a) just because it embraces an ultimate issue. It argues the Court should permit him to testify and allow the Government to object if it believes such testimony exceeds the bounds of the rules of evidence.

It appears to the Court that some of Mr. Pritchard's testimony may help the Court understand some of the evidence; for example, how the various pieces of safety equipment work. Therefore, some of his testimony is admissible. At the same time, the Court recognizes that an expert may not testify as to whether a given *legal* standard has been satisfied. *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997). Some of Mr. Pritchard's potential testimony may do just that. But the Court will wait until he testifies to make this determination.

Accordingly, the Government's motion is DENIED WITHOUT PREJUDICE. The Government may renew its objections where appropriate during trial.

**IT IS SO ORDERED.**

Date:  August 15, 2016                  /s/ Greg Kays                    
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT