IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cr-0362-01-DGK |
| ) | |
| DNRB, INC., ) | |
| d/b/a Fastrack Erectors, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART THIRD-PARTY MOVANT ST. LOUIS STEEL'S MOTION TO QUASH AND OBJECTIONS

This criminal case arises from the death of an ironworker, Eric Roach, on a construction site. He fell while working on a steel beam 36 feet off the ground without fall protection and died the next day from his injuries. After a two-day bench trial, the Court found Defendant DNRB, Inc., d/b/a Fastrack Erectors ("DNRB"), guilty of violating an OSHA regulation and causing death, 29 U.S.C. § 666(e).[1] *See* Mem. Regarding Verdict (Doc. 68); Mem. Order and Verdict Making Findings of Fact and Conclusions of Law (Doc. 69). The Court has not yet sentenced DNRB.

Prior to the initially scheduled sentencing hearing, DNRB provided information to the probation office suggesting it was incapable of paying a fine. Believing a successor corporation existed which could pay a fine, the Government issued subpoenas to the suspected successor entity, St. Louis Steel Construction, LLC ("SLSC"). SLSC is steel erection company owned by Debbie Bragg, the wife of DNRB's owner, Clayton Bragg.

---

[1] Violating an OSHA regulation and causing death is a class B misdemeanor punishable by a maximum fine of $500,000.

Now before the Court is SLSC's Motion to Quash Subpoena (Doc. 78). Finding that most—but not all—of the information sought is relevant, admissible, and requested with adequate specificity, the Court GRANTS IN PART the motion to quash and modifies the subpoena.

**Background**

On April 18, 2017, the Court issued an order setting the sentencing hearing for May 31, 2017, at 2:00 p.m.

On May 9, the probation officer released his final presentence investigation report ("PSR"). The PSR concluded that based upon financial statements provided by DNRB, which showed DNRB had a majority of zero balances in its accounts, DNRB would not be able to pay a fine of any amount either now or in the future.

On May 11, the Court ordered the parties to brief what they believed an appropriate sentence would be, particularly given that DNRB was voluntarily dissolved in January 2016. Among other questions, the Court asked if a fine was an appropriate sentence, and if so, how DNRB could pay a fine since it had been voluntarily dissolved.

On May 17, the Government served SLSC with a subpoena to obtain a wide variety of business records. The subpoena directed SLSC to produce the information at the sentencing hearing.

Less than twenty-four hours before the hearing, on May 30 at 2:27 p.m., SLSC filed the pending motion to quash. The Government filed its response the next morning.

Later that day, at the scheduled time of the sentencing, the Court heard argument from the parties.

**Standard**

Under Federal Rule of Criminal Procedure 17(c)(1), a party may use a subpoena to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" before trial or before they are offered into evidence. The purpose of the rule is to expedite a trial or hearing by providing a means before the trial or hearing to inspect subpoenaed materials. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17 is not a means for generalized discovery or to obtain general discovery from third parties. *Id.*; *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013).

The party seeking production under Rule 17(c) must show the subpoenaed materials are: (1) relevant; (2) admissible; and (3) requested with adequate specificity (collectively "the *Nixon* factors"). *Stevenson*, 727 F.3d at 831. Other considerations include whether failure to obtain the documents may tend to unreasonably delay the trial, whether the materials are requested in good faith, and whether the subpoena is "unreasonable and oppressive." *United States v. Shepard*, 4:09-cr-423 RWS DDN, 2010 WL 750110, at *2 (E.D. Mo. Feb. 26, 2010); *see United States v. Jewell*, No. 4:07-CR-0103 JLH, 2008 WL 3871736, at *2 (E.D. Ark. Aug. 15, 2008) ("There is no clear standard for determining whether compliance with a subpoena is 'unreasonable and oppressive,' and such a determination is left to the discretion of the trial court.").

Rule 17 also provides that upon a "motion made *promptly*, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2) (emphasis added). The party seeking to quash or modify the subpoena bears the burden of showing it is unreasonable or oppressive. *Matter of Grand Jury Proceedings* (Krynicki), 2 F.3d 1153, at *2 (7th Cir. 1993) (citing *United States v. R. Enters., Inc.*, 111 S.Ct. 722, 728 (1991)).

## Discussion

As a threshold matter, it is a close call whether the motion to quash was made promptly as required by Rule 17(c)(2). There is circumstantial evidence here suggesting that SLSC deliberately waited to file the motion until less than twenty-four hours before the hearing, thus the motion was not filed promptly. However, because the Government did not serve or otherwise notify SLSC until May 17 that it was seeking this information, and to ensure that SLSC's motion is decided on the merits, the Court holds SLSC did not violate the "promptly" requirement.

With respect to the *Nixon* factors, the Court holds that most of the records sought are relevant, admissible, and requested with adequate specificity. First, the material is relevant because it tends to make a crucial fact of consequence at sentencing more probable or less probable, namely whether SLSC is the corporate successor to DNRB, and so whether DNRB is capable of paying a fine. The records sought would show the relationship between SLSC and DNRB. Based on the information the Court learned about SLSC incidentally during the two-day bench trial—such as the fact that SLSC subsequently hired the two DNRB foreman who allowed Mr. Roach to work without a safety harness on the jobsite, that SLSC appears to have become active only after Mr. Roach's death, and that SLSC is owned by Debbie Bragg, the wife of DNRB's owner—the Court would be surprised if SLSC were not the corporate successor to DNRB. SLSC's suggestion that this information is not relevant to the Court's determination of what fine, if any, to impose in this case, is unavailing.

The material is also admissible. Business records such as those sought are routinely admitted.

The question here concerns the third factor, whether the subpoena requests the information with adequate specificity, and a related question whether the subpoena is "unreasonable and oppressive." The Court holds that some of the subpoena requests do not seek documents with adequate specificity, and some requests are "unreasonable or oppressive" in that they are unduly burdensome. Although the time period (from January 1, 2014, through May 15, 2017) for all the documents sought is reasonable, several requests—such as "bank statements for any and all bank accounts," "any annual audits or accounting reports"—are too broad. While these may be appropriate for discovery in a civil case, Rule 17 is not a means of obtaining generalized discovery from third parties in a criminal case. *Stevenson*, 727 F.3d at 831. Additionally, others requests in the subpoena—e.g., a directive to produce all documents "evidencing" whether SLSC's "business activities" increased after DNRB's dissolution—are insufficiently specific and "unreasonable and oppressive" because they would effectively require SLSC to review every piece of information in its possession and make an independent determination whether the document tends to prove the proposition in question, a process which is unduly burdensome. That said, other requests—such as a list of current and former employees during the relevant time period, documents identifying officers and directors during the relevant time period, and documents "evidencing" any assets SLSC obtained from DNRB before and after its dissolution[2]—are sufficiently specific and not unduly burdensome. Consequently, the Court holds the subpoena should not be quashed in its entirely, but modified to ensure each request is sufficiently specific and not unduly burdensome.

As for other considerations the Court must be mindful of in weighing a motion to quash, the Court finds that failing to obtain these documents will tend to unreasonably delay the

---

[2] While this request is almost not sufficiently specific, the Court believes SLSC can identify and supply the requested documents in good faith with little effort.

sentencing hearing, and there is no other way the Government can procure the information sought.[3] Finally, the Court finds the Government has subpoenaed the material in good faith and not to harass or burden SLSC.

Accordingly, after carefully considering each request in the subpoena, the Court modifies the subpoena as follows. SLSC does not have to comply with the following numbered requests: 2 (requesting statements for "any and all bank accounts"); 3 (requesting credit card statements for "any and all accounts"); 4 (requesting "any annual audits or accounting reports"); and 8(a)-8(b), 8(m)-(q) (requests which require too much effort from SLSC to identify and provide). SLSC shall comply with the other requests and supply the Government with the requested materials on or before July 18, 2017.

For the reasons discussed above, SLSC's Motion to Quash (Doc. 78) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  June 27, 2017                  /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT

---

[3] Although the Government could abandon its inquiry into whether SLSC is the corporate successor to DNRB, this would not be in the interest of justice, because the Court's decision making with respect to any fine to be imposed will benefit from having informed, adverse parties litigate whether SLSC is the corporate successor.