# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cr-0362-01-DGK |
| ) | |
| DNRB, INC., ) | |
| d/b/a Fastrack Erectors, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM CONCERNING THE COURT'S ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Earlier today the Court entered an order denying Defendant's Motion for a Protective Order and Memorandum in Support (Doc. 88). The Court ruled on the motion when the record consisted of Defendant's motion and memorandum (Doc. 88) and the Government's Response (Doc. 89), even though Defendant still had three days to file a reply brief. Defense counsel subsequently contacted the Court, indicating DNRB would like to file a reply brief.

To be clear, the Court's decision to rule before Defendant's time to file a reply brief expired was not accidental. After reviewing Defendant's initial motion and memorandum the Court was convinced that it should *not* issue a protective order because Defendant had not established good cause. While this is rare—usually an initial brief makes a colorable case for granting the requested relief—on occasion the Court can rule on a motion without benefit of additional briefing. This was one such occasion.

Defendant's initial argument that disclosure of certain unidentified information would somehow "unquestionably damage and prejudice" its ability to defend itself in the wrongful death case and "other actions" is the kind of vague, conclusory assertion that does not

demonstrate good cause.  Nothing Defendant could say in its reply brief would change this,[1] nor, for that matter, would anything said in the Government's response, unless the Government actually agreed to the request.

Hopefully, this clears up any confusion.

Date:  June 27, 2017                              /s/ Greg Kays                          
                                                        GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT

---

[1] Defendant could, of course, provide specifics in its reply brief identifying the heretofore unidentified information that might be disclosed, the specific damage and prejudice it would suffer, and the specific "other actions" in which it would suffer this damage.  But if it had this information earlier and was waiting until its reply brief to provide it, at which point the Government could not dispute it, the Court would not consider it because this practice is "sandbagging."  *See Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (observing that "[l]oading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based," is "unfair to one's opponent," and "adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides").